UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
|   Plaintiff, | § § | |
|     v. | § § | **CIVIL ACTION NO. V-08-55** |
| **YVONNE M. TREVINO,** | § § § | |
|   Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Plaintiff United States of America's ("the Government") Motion for Summary Judgment. (Dkt. No. 3.) The motion is ripe for ruling and deemed unopposed because the submission date has passed and Defendant Yvonne M. Trevino ("Trevino") has not filed a response.[1] After careful consideration of the motion, the arguments, the entire record, and the applicable law, the Court is of the opinion that the Government's Motion for Summary Judgment should be GRANTED.

**I. Factual and Procedural Background**

This action stems from Trevino's default on federally guaranteed student loans. In July 1986, Trevino, while a student, applied for and received federally insured student loans from the Department of Education for a total original principal amount of $2,500.00. On July 9, 1986, Trevino executed and delivered to Certified Savings in Austin, Texas, a promissory note in the amount of $2,500.00 ("the Note"). The United States Department of Education was notified that

---

1. *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 20 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition). Federal Rule of Civil Procedure 6(e) gives a party who is served with a motion by mail or fax an additional three days to respond. The deadline for Plaintiff's response was September 1, 2008. To date, Trevino has not filed a response to the Government's Motion for Summary Judgment.

Trevino did not pay the loan, even after due diligent collection action, and repurchased the Note as required by law on July 27, 1993.

The Government filed its Complaint against Trevino on June 9, 2008, detailing the outstanding amount due but not paid by Trevino. (Dkt. No. 1.) Specifically, the Government outlined the debt owed by Defendant in the amount of $3,256.14 and attached a Certificate of Indebtedness for the debt. (*Id.*, Ex. A.) On July 18, 2008, Trevino filed an Answer in which she claimed the debt was satisfied when the Department of Education withheld her income tax refunds for the years 1990 through 2005. (Dkt. No. 2.) Trevino also stated that she would "not commit to any large sum agreement or large sum of monthly payments because [she] cannot afford it." (*Id.*) Finally, while Trevino claimed to have attached copies of (1) an expense and income sheet for herself and her husband, (2) monthly medical bills, (3) IRS records, (4) bankruptcy records, and (5) medical appointments, there were no documents attached to Trevino's Answer. (*Id.*) On August 7, 2008, the Government filed the current Motion for Summary Judgment. (Dkt. No. 3.) Trevino did not respond. The Court now considers the Government's Motion for Summary Judgment.

**II. Jurisdiction**

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1345 because the United States of America is a party in the suit.

**III. Standard of Review**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "For any matter on which the non-

movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). To prevent summary judgment, the non-movant must "respond by setting forth specific facts" that indicate a genuine issue of material fact. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *See Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998); *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). "The court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). However, the non-movant cannot avoid summary judgment by presenting only "conclusory allegations" or "unsubstantiated assertions," such as the bare allegations of a complaint, but must present sufficient evidence, such as sworn testimony in a deposition or affidavit, to create a genuine issue of material fact as to the claim asserted. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'the better course would be to proceed to a full trial.'" *Freeman v. U.S.*, 2005 WL 3132185, *2 (S.D. Tex. Nov. 22, 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

### IV. Discussion

As noted *supra*, Trevino did not respond to the Government's Motion for Summary Judgment. While the Government's motion is deemed unopposed, Trevino's failure to respond does not require the Court to automatically grant the Government's motion. The Government still must establish a *prima facie* case, as well as the absence of a genuine issue of material fact. *See, e.g., Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985); *Jones v. Fountain*, 121 F.Supp. 2d 571, 572 (E.D. Tex. 2000). However, the Court will assume that the Government's facts as claimed and supported by admissible evidence are uncontroverted and undisputed. *See, e.g., Ceasar v. Lamar Univ.*, 147 F.Supp.2d 547, 551 (E.D. Tex. 2001); *see also Eversley*, 843 F.2d at 174.

#### A. The Government's *Prima Facie* Case

In order to "recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). *See also FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1993); *Federal Deposit Insurance Company v. McCrary*, 977 F.2d 192, 194 n.5 (5th Cir. 1992). Here, the Government has established a *prima facie* case by producing evidence establishing all three of these elements.

As to the first element—that Trevino signed the note—the Government has provided the Court with a copy of the Note signed by Trevino. (Dkt. No. 3, Ex. B.) "Commercial paper, signatures thereon, and documents related thereto" are self-authenticating to the extent provided by general commercial law. FED. R. EVID. 902(9); *Interfirst Bank of Abilene, N.A. v. Lull Manufacturing*, 778 F.2d 228, 234 (5th Cir. 1985). General commercial law provides that the authenticity of a signature on an instrument is admitted unless it is specifically denied in the

pleadings. *See* U.C.C. § 3-308(a); TEX. BUS. & COMM. CODE ANN. § 3.308(a). Trevino has not challenged the authenticity of her signature on the Note, and her Answer implicitly admits that she executed the Note.

As to the second element—that the Government is the present owner or holder of the Note—the Government has provided the Court with a Certificate of Indebtedness. (Dkt. No. 3, Ex. A.) The Certificate of Indebtedness, signed by a loan analyst for the Department of Education, states that following Trevino's default on the Note, the Department of Education made payment as the secondary guarantor on the loan. (*Id.*) All right and title to the Note was assigned to the Department of Education on July 27, 1993. (*Id.*) There is no evidence before the Court contesting the Government's status as holder of the Note.

Finally, as to the third element—that the note is in default—all of the evidence before the Court indicates that Trevino is in default on the loan. The Certificate of Indebtedness states that Trevino defaulted on the loan, and since the assignment of the Note, the Department of Education has received only partial payment on the Note. (Dkt. No. 3, Ex. A.) The Government also provided evidence in the form of computer screen shots showing that the payments received by both the original Note holder and the Department of Education were deficient. (*Id.*, Exs. C & D.)

### B. Trevino's Burden

The burden then shifts to Trevino to "set forth specific facts showing there is a genuine issue for trial, not just to rest upon the mere allegations or denials of the adverse party's pleadings." *Lawrence*, 276 F.3d at 197. Here, Trevino has offered no evidence to rebut the Government's claim that she defaulted on the loan. While Trevino alleges the debt was satisfied when the Department of Education withheld her income tax refunds for the years 1990 through

2005 (Dkt. No. 2), she has provided no documentation to support this claim, and her Answer in this action does not constitute evidence. Without more, Trevino's unsupported allegation that she repaid the entire debt is not enough to create a genuine issue of fact.

### C. Damages

There is also no genuine dispute regarding the amount of damages. The Government has offered evidence that Trevino's principal balance on the Note is $2,284.57. (Dkt. No 3, Atch. 3 & Ex. A.) At a daily rate of interest on the principal of $0.50 per day, the interest due as of August 25, 2008, is $1,981.86. (*Id.*). Finally, according to M.H. Cersonsky's Affidavit of Amount Due, the Government has incurred additional expenses, including an administrative and filing fee in the amount of $396.19, process server fees in the amount of $77.00, and attorney's fees in the amount of $785.00. (Dkt. No. 3, Atch. 3.) Accordingly, the total amount owed by Trevino is $5,524.62. Post-judgment interest on this amount shall accrue at the rate prescribed by law.

### V. Conclusion

For the forgoing reasons, the Government's Motion for Summary Judgment (Dkt. No. 3) is hereby GRANTED.

It is so ORDERED.

Signed this 6th day of January, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE